IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3068-BO

| | |
|---|---|
| CHARLES A. RIPPY, JR., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     O R D E R <br> ) |
| MS. W. JAMES, et al., <br> Defendant. | ) <br> ) <br> ) |

Charles A. Rippy, Jr., a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. After an initial frivolity review and subsequent amendment, the matter was allowed to proceed in its claims of deliberate indifference to serious medical needs in that he was prevented from seeking medical attention for an injured shoulder. Before the court is defendant's motion for summary judgment (D.E. # 35), plaintiff's motion denying any second chance for enlargement of time (D.E. # 38), motion for default judgment (D.E. # 40), and motion for summary judgment (D.E. # 44). Defendant W. James has never been served.

Plaintiff's contentions are that he was bench pressing 375 pounds and hurt his left shoulder. (Compl., IV. Stmt of Claim) He went to medical where he was seen and treated. (Id.) He was given a painkiller and his shoulder was x-rayed. (Id.) After returning to his dorm, his shoulder began turning colors and he returned to medical. (D.E. # 10, Amended Compl.) While in medical, Nurse Jones asked him why he was there and pushed a panic button. (Id.) Captain Owens responded and placed plaintiff into segregation. (Id.) Thus, he was prevented from receiving medical care resulting in permanent damage to his shoulder. (Id.)

Defendant's factual outline states that on September 6, 2007, prior to being placed in administrative segregation, Defendant Owens received a witness statement that plaintiff

attempted to get a female staffer alone in her office. The female staffer asked for plaintiff's name. Plaintiff responded with a fake name. The witness statement reported this had continued for several days. Defendant Owens ordered an investigation. Defendant Owens also received a telephone call from a female nurse in medical stating plaintiff refused to leave. Defendant Owens made the decision to place plaintiff in administrative segregation pending the outcome of the investigation. This procedure was permissible under DOC policy.

Defendant Owens told the nurse to screen plaintiff for administrative segregation. Defendant Owens went to medical and informed plaintiff he was being placed into segregation pending the investigation.

Plaintiff's medical chart indicates he was seen in medical on September 6, 2007. On that date, plaintiff was treated for a shoulder injury caused by weight lifting. Plaintiff was given pain medication and an x-ray was taken. The results showed no abnormality of the left shoulder. On September 19, 2007, plaintiff was treated in medical. On that date, plaintiff was given ibuprofen and analgesic balm for his pain. On September 28, 2007, plaintiff was seen in medical. He was given Tylenol and analgesic balm for his pain. Plaintiff was returned to administrative segregation.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must

2

come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587. The court can rely on the medical affidavits and prison medical records in ruling on a motion for summary judgment. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982).

Defendant asserts qualified immunity which concludes the matter. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded

3

from by, Pearson v. Callahan, ___ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). In order to be liable, the official must have actual knowledge or awareness of the need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The indifference must be objectively harmful enough to establish a constitutional violation. See id. at 837–40. Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

From the record before the court, it is clear that plaintiff was bench pressing weights and hurt his left shoulder. He went to medical, was seen by medical personal, x-rayed, and received medication. Plaintiff was under investigation for questionable behavior. Because of an incident while at medical a second time after the bench pressing injury, Defendant Owens arrived and determined it best for plaintiff to go to administrative segregation pending the investigation. Plaintiff was seen by medical staff while in administrative segregation.

Nothing in the record indicates his care was deliberately indifferent. In fact, plaintiff asserts that "[a]lso notice that I filed, or indicated that I had rip [sic] a muscle in my lower shoulder [sic] but know [sic] medical staff even tryed [sic] to order a cat scanner [sic] which could be the only successful result but sadly know [sic] one pay attention or heel [sic] to my

4

calling for help sadly my muscle grow abnormal because of lack of interest." (D.E. # 44) This appears to be a dispute about the course of treatment, not the failure to treat him. Nothing in the record indicates deliberate indifference to a serious medical condition and defendant is shielded by qualified immune.

Accordingly, defendant's motion for summary judgment (D.E. # 35) is GRANTED. Plaintiff's motion denying any second chance for enlargement of time to file an answer (D.E. # 38) is DENIED as Defendant James has never been served and thus is not required to file an answer. Likewise, the motion for default judgment (D.E. # 40) is DENIED, again because defendant James has never been served. Fed. R. Civ. P. 55(a) Plaintiff's motion for summary judgment (D.E. # 44) is DENIED. Defendant James is DISMISSED from the suit for failure to perfect service. Fed. R. of Civ. P. 4; see also Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995). Having so determined, the Clerk is DIRECTED to close the case.

SO ORDERED, this __4__ day of March 2011.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE